MILNER v. STANDARD VENEER COMPANY.

Opinion delivered July 9, 1928.

*M. P. Huddleston,* for appellant.
*Jeff Bratton,* for appellee.

HUMPHREYS, J. This is an appeal from an instructed verdict and consequent judgment dismissing appellant's complaint for damages on account of an injury received while off-bearing veneering from a lathe, through the alleged negligence of appellee, his employer, in failing to exercise care to furnish appellant a safe place in which, and safe machinery with which, to work; and failing to warn him in such way that he might comprehend the latent dangers incident to the discharge of his duties.

The verdict was instructed upon the theory that the undisputed testimony reflected that appellee was not negligent in either respect. The only question therefore presented by the appeal is whether there is any substantial testimony in the record tending to prove the alleged grounds of negligence.

Appellant could neither read nor write, but was otherwise intelligent. He was seventeen years old at the time of the injury, and had been working for a year and six weeks in the capacity of off-bearing veneering from a lathe operated by cogs attached to an iron shaft with set-screws which passed through the shaft so as to hold the cogs in place. He had only worked steadily at this particular machine for about six weeks, but had worked at one of similar make for a year in Jonesboro.

The machine at which he was working when injured was known as the Coe lathe machine. The Coe lathe machine which was in use by appellee at its mill was standard machinery, without defects, and in use by many veneering mills. It had an iron hood entirely covering the cogs and set-screws, which were attached to the shaft, in every direction and downward one-half way of the shaft, or to the center thereof, so as to prevent contact with the cogs or set-screws from above or on the sides. The only way one could come in contact with or be injured by the cogs and set-screws was from underneath, or below the shaft. According to the testimony of witnesses experienced in the use of the machinery, the cogs and set-screws were sufficiently guarded by the iron hood to prevent any injury which could be reasonably anticipated by workmen engaged in off-bearing veneering from or in operating the lathe. The covered cogs and set-screws were eighteen inches from where appellant stood to take the veneering as it came from the lathe and remove same. The machinery was in operation, and, while waiting for the veneering to come out, appellant stepped back and leaned against the machinery in some way, so that his overalls were caught underneath the shaft and hood by the cogs and set-screws, pulling him backward and injuring his hip. The workman operating the machine ran and cut the overalls off the boy, thereby saving his life. Notices were posted all around in the mill not to lean against the machinery, but it was not shown that any one read the notice to appellant. Appellant and the boy working across the table in front of him testified that the foreman had never told them not to lean against the machinery and had not informed him that the cogs and set-screws were under the hood, and to keep away from them. Appellant also testified that he did not know that the cogs and set-screws were under the hood. The foreman testified that he had never warned appellant of the danger on account of the cogs and set-screws, but

claimed to have warned all of the employees generally not to lean against the machinery. This was denied by appellant.

The law imposes a duty upon masters to exercise reasonable care and diligence to provide their employees, adults and minors, with a safe place in which to work, and also to warn inexperienced minors, although intelligent, of dangers incident to the operation of machinery with which they are to work, which are known by the master, or which may reasonably be anticipated by him. A majority of the court is of opinion that appellee exercised ordinary care and diligence in furnishing appellant a safe place in which, and safe machinery with which, to work. The machinery was of standard make, and the cogs and set-screws were covered in every direction with an iron hood which came down to the center of the shaft. This furnished ample protection to employees against any dangers which might be reasonably anticipated. A majority of the court is also of opinion that, on account of the intelligence and experience of the appellant, no duty rested upon appellee to warn him against danger on account of the cogs and set-screws which it could not anticipate itself, on account of having sufficiently covered up the danger.

Mr. Justice MEHAFFY and the writer are of opinion that a latent or hidden danger existed in the operation of the machinery, which appellee should have anticipated and which appellant should have been made to comprehend by explanation and warning on account of his minority, his ignorance of the existence of the cogs and set-screws, and his limited experience.

No error appearing, the judgment is affirmed.